LONDON & LANCASHIRE INDEMNITY CO. OF AMERICA v. NEIL BARRON FUEL CO.

No. 290.

District Court, W. D. Missouri, W. D.

Feb. 12, 1940.

Michaels, Blackmar, Newkirk, Eager & Swanson, of Kansas City, Mo., for plaintiff.

Leslie A. Welch, of Kansas City, Mo., for defendant.

COLLET, District Judge.

The question is one of construction of the clause: "This policy does not cover claims on account of such injuries * * caused by reason of the ownership, maintenance and/or use by the Assured of any * * * vehicle or by any person while driving or using the same."

Plaintiff, which seeks a declaratory judgment of its non-liability under its policy covering injuries to third parties arising out of the operation of Assured's retail coal business, contends that the above quoted clause, appearing in the policy as one of exclusion or exception, exempts it from liability for an injury to a pedestrian occasioned by the pedestrian being struck by a shovelful of coal thrown from assured's truck by the driver while unloading the contents of the truck into a man-hole in a sidewalk, and while the truck was standing at the curb for that purpose.

In support of that contention it is ably argued that the word "use" is unambiguous and includes the application of the "manpower" of the employee and the inaccuracy of his aim in throwing coal from the truck during the process of unloading it, because that process was an incident to the "use" of the truck.

The accuracy of the legal principle that absent ambiguity there is no place for construction, must be readily conceded. The correctness of the doctrine that ambiguity existing the contract will be construed strictly against the party who prepares it, in this instance the insurer, will likewise not be seriously controverted. If, therefore, the exclusion clause is ambiguous, the contract will be construed in favor of coverage and by reason of the force of that rule it will be of no moment that this court may lean toward or away from the construction advanced by counsel for plaintiff. For if different and opposing constructions might reasonably be given this contract by the parties, mental honesty would forbid the assertion by the Court that its individual construction, although amply supported by authority, eliminated all reason from the opposing viewpoint. Such is not the criterion for

the determination of the presence or absence of ambiguity. If there be a reasonable basis for difference of opinion, ambiguity exists, otherwise not.

It would be of doubtful value to review the numerous authorities cited in support of the opposing conclusions of the meaning of the word "use" as used in policies of this kind. Should the question be presented to a court possessing the power of impelling precedent diligent counsel may be depended upon to support their respective contentions with such an array of authority as will demonstrate beyond question that there is logical ground for a difference of opinion as to the proper construction of the language quoted. Such constitutes ambiguity.

The argument that the use of the language "driving or using" must result in the conclusion that the parties understood that uses other than driving, i. e., unloading, were excluded from coverage, deserves comment. If it necessarily followed from the premise that the use of the words "or using" indicated a clear intention to include unloading within the meaning of "use" the answer would be as counsel contends. An illustration will suffice to demonstrate the fallacy of the premise stated. If, upon inqury by a prospective policy holder, the agent was asked what the words "or using" meant and the answer was that these words only covered a situation where injuries resulted from negligently stopping the vehicle on the pavement while repairing a tire and while the vehicle was not being driven, it is reasonable to assume that the average policy holder would accept that explanation and feel secure in the belief that the policy meant what was therein elsewhere provided— that the policy covered all of the operations incident to his business of a retail coal dealer including the unloading of the coal. The point is that the language did not clearly exclude that which was otherwise generally included. If plaintiff should desire to clearly include loading and unloading within the meaning of the words "use" or "using" as those words are used in this, its so-called "public liability" policy, it should do as the authorities indicate has now become general with reference to "automobile policies" for the purpose of eliminating the same ambiguity which formerly existed in those policies—insert the words "including loading and unloading" in the policy.

The motion for new trial is overruled.