OPINION OF THE COURT
Cooke, J.
The basic issue here is whether an insurance policy, which excludes from its coverage theft "of property * * * by any tenant of the described premises”, is clear and unambiguous.
Defendant insurer, through an agent related to plaintiffs, issued to the latter a homeowners policy for a continuous period commencing October 11, 1972. It contained section one relating to "Dwelling and Personal Property”, section two in respect to "Comprehensive Personal Liability”, a number of *353 provisos applicable to the entire policy, a face sheet and three endorsement pages. Part I of section one, dealing with "Coverages”, listed four categories of protection: "A, Dwelling”, "B, Private Structure”, "C, Unscheduled Personal Property”, and "D, Additional Living Expense (Expenses Occasioned by Loss).” Thereafter it was provided that "[t]heft” of property described under "Coverage C” was one of the perils insured against, subject to exclusions contained in the policy (section one, part II, item 8). In this respect, the policy read:
"This policy does not insure against loss or damage:
"A. caused by theft:
* * *
"2. of property by any relative of the Insured or by any tenant of the described premises(Emphasis supplied.) In turn, the face sheet stated: "The described premises are located at the above address [R. D. No. 3, Box 245, Troy, New York], and legally described unless otherwise stated herein. Tamarac Road, Town of Brunswick, Rensselaer County, New York”. (Emphasis supplied.)
On January 26, 1973 a sizable number of articles of personal property belonging to plaintiffs were stolen from their dwelling on their said premises in the Town of Brunswick. There is no dispute but that the theft was committed by a tenant, Anthony Matarazzo, who at the time was renting an apartment in the carriage house, located on the parcel, some 80 feet distant from the dwelling. This action was instituted to recover the value of the personal property taken. Special Term granted summary judgment to defendant, and the Appellate Division, by a divided court, reversed, granted summary judgment to plaintiffs and remitted to Special Term for assessment of damages. Defendant now appeals, pursuant to CPLR 5601 (subd [d]), from the final judgment of Supreme Court, Rensselaer County, in favor of plaintiffs and against defendant in a stated sum, bringing up for review the interlocutory order of the Appellate Division.
 Well recognized is the general rule that ambiguities in an insurance policy are to be construed against the insurer, particularly when found in an exclusionary clause (see Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356, 361). But, in attempting to reach a conclusion embracing recovery under this policy, plaintiffs would have this court find as a minor premise that there is actually such an ambigú *354 ity here. The obvious flaw in such reasoning is that there is no uncertainty in the germane terms of the policy. Rather, if a tenant of the "described premises” steals property, the loss is not covered; the "described premises”, as outlined in the policy, equal the entire property of plaintiffs at the location listed; and, therefore, since the theft at issue was committed by a tenant residing on plaintiffs’ property, the theft is not covered.
The majority at the Appellate Division conceded that "it is clear that the general provisions of section I of the policy covers all structures on the 'described premises’ (coverage A and B of section one)”* (57 AD2d, p 33). This being so and without more, the theft is excluded from the policy coverage under the express language of paragraph A (2) of part IV of section one: "This policy does not insure against loss or damage: A. caused by theft: * * * 2. of property by any relative of the Insured or by any tenant of the described premises.” Since Matarazzo, who pleaded quilty to the crime, was a tenant of the apartment in the carriage house, a structure on the described premises, the theft is excluded and plaintiffs may not recover.
Plaintiffs urge, however, that it is unclear whether said exclusionary language of the policy exempts from coverage a theft by a tenant of the residence only or a tenant of either the residence or an appurtenant structure on the described premises. It is argued that the doubt is caused by the policy definition of "residence premises”, which includes appurtenant structures, and the claimed absence of any policy definition of described premises. The simple answer is that the term "residence premises” does not appear in the exclusion, and that therefore the phrase bears no relevance to our inquiry. The definition would be applicable to other policy provisions where the expression appears, which provisions, incidentally, do not call for exclusion (see, e.g., section one, part I, par C [12]; section one, part VIII, par A [4], [a], [a], [b], [c], [d]). Furthermore, the "described premises”, although not appearing under *355 a definitional heading, are in reality and for all purposes defined by the characterization and demarcation contained on the face sheet.
"It is axiomatic that a contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed” (Morlee Sales Corp. v Manufacturers Trust Co., 9 NY2d 16, 19). Obviously, before the rules governing the construction of ambiguous contracts are triggered, the court must first find ambiguity in the policy (Hartigan v Casualty Co. of Amer., 227 NY 175, 180). But here there is no ambiguity since the words in the paragraphs of the policy under examination have a definite and precise meaning, unattended by danger of misconception in the purport of the policy itself, and concerning which there is no reasonable basis for a difference of opinion (see Loch Sheldrake Assoc. v Evans, 306 NY 297, 305; Midkiff v Castle & Cooke, 45 Hawaii 409; London & Lancashire Ind. Co. of Amer. v Barron Fuel Co., 31 F Supp 599, 600; see, also, 30 Am Jur 2d, Evidence, § 1069). This court may not make or vary the contract of insurance to accomplish its notions of abstract justice or moral obligation, since "[e]quitable considerations will not allow an extension of the coverage beyond its fair intent and meaning in order to do raw equity and to obviate objections which might have been foreseen and guarded against” (Weinberg & Holman v Providence Washington Ins. Co., 254 NY 387, 391; see 1 Couch, Insurance [1929], § 184, p 376).
Lastly, plaintiffs point to the "split” in Judges and in courts and even to the combined judicial and legal experience of those who have reviewed this matter and arrived at different results. They conclude from these statistics that the instant exclusionary clause must perforce be ambiguous. Such an approach was rejected long ago in Hartigan v Casualty Co. of Amer. (227 NY 175, supra) wherein this court observed at pages 179-180: "The fact that the courts below have read the policy otherwise and found it susceptible of another meaning is urged as establishing the fact that reasonable and intelligent men may honestly differ as to its meaning and that it must, therefore, be construed against the insurer. It is, however, for this court to say, as matter of law, whether reasonable men may reasonably differ as to such meaning, or whether the indulgence of the lower courts has not written a new contract for the parties and extended the defendant’s liability beyond the plain and unambiguous language of the policy.”
*356 Accordingly, the judgment of Supreme Court appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and the order of Special Term granting summary judgment to defendant reinstated.

 Paragraph A of section "ONE” of the policy in pertinent part reads: "A. Coverage A, Dwelling. Coverage A insures, subject to the Exclusions and limitations stated herein, the described residence owned and occupied by the Insured exclusively for residential purposes.”
Paragraph B of said section reads: "B. Coverage B, Private Structure. Coverage B insures, subject to the Exclusions stated herein, appurtenant structures owned by the Insured and which are located on the described premises or within five hundred feet thereof and not used for business, professional or farming purposes.”