OPINION OF THE COURT
Beverly Cohen, J.
Plaintiff moves for summary judgment on his claim to recover under a homeowner’s policy issued by the defendant Nationwide to plaintiff. Defendant cross-moves for summary judgment dismissing plaintiff’s cause of action with respect to any claim for personal property.
During the fall of 1978 an invasion of raccoons damaged the structure of plaintiff’s home and personal property Stored in the attic. The raccoons remained in the attic until May, 1979.
In order to determine whether the insured is covered for losses he sustained, it is necessary to differentiate between the coverage under the real property part of the policy (part I) and the personal property part of the policy (part II).
The policy insures the plaintiff’s real and personal property against loss and removal from premises endangered by perils insured against and except as excluded. In June, 1979 the plaintiff filed a loss claim which Nationwide *475 denied on the grounds that the alleged cause of damage was excluded by exclusionary paragraph 9 of plaintiff’s Elite Policy. That paragraph provides:
“This policy does not insure under either Part I or Part II, against loss resulting from * * *
“9. Any of the following, except direct loss by fire, smoke, explosion, collapse of buildings, water damage, or glass breakage constituting a part of the building, resulting therefrom: (a) birds, domestic animals, termites and other insects, or vermin; (b) wear and tear, deterioration, inherent vice, rust or mechanical breakdown; (c) wet or dry rot, or mould; (d) settling, cracking, shrinkage, bulging, or expansion of pavements, patios, foundations, walls, floors, ceilings or roofs.”
As a consequence, plaintiff commenced the present action in which he seeks to recover for damages to the structure of his house and the personal property in the attic. Plaintiff asserts that raccoons are not vermin and therefore this claim is not barred by the exclusionary clause (par 9 [a]).
In its answer, the defendant contends that raccoons are not one of the listed perils for which the insured is covered, and moreover, coverage for this type of damage by raccoons is excluded by paragraph 9. The defendant further asserts that since the meaning of paragraph 9 is subject to various interpretations, summary judgment should not be granted to plaintiff.
The real property part of the policy insures against “all risks” of physical loss to real property except as otherwise excluded.
The exclusionary clause lists birds, domestic animals, termites and other insects, or vermin. The term vermin is not defined in the policy. The policy was issued subsequent to an opinion of the New York Court of Appeals in which the court stated that the term “vermin” is “capable of more than one meaning”. (Sincoffv Liberty Mut. Fire Ins. Co., 11 NY2d 386, 390.)
Experts well versed in entomology disagree as to the meaning of vermin, and the dictionaries contain varying connotations. (Sincoff v Liberty Mut. Fire Ins. Co., supra, at *476 p 390.) Moreover, “vermin” is not a scientific term, but rather it is a popular colloquial expression with loose and varied popular and dictionary definitions.
Webster’s New International Dictionary (2d ed [1961], unabridged) defines the word vermin as a “n[oun] *** 1. Any noxious, mischievous, or disgusting, animal *** 2. Specif.: Such an animal, or esp. such animals collectively, when of small size, of common occurrence, and difficult to control. Various insects as flies, lice, bedbugs, fleas, etc., various mammals, as rats, mice, weasels, etc., and sometimes such birds as hawks and owls, are classed as vermin.”
Funk and Wagnall’s New Standard Dictionary, at page 2644, defines vermin as “1. *** Obnoxious insects especially parasitic ones, as lice, fleas, or bedbugs. (2) (Eng.) Animals destructive to game, as weasels, polecats, badgers, otters, hawks, or owls. (3) (Austral). Animals injurious to vegetation or to domestic animals.”
Webster’s New International Dictionary (2d ed [1961], unabridged) defines the word “raccoon” as “A carnivorous mammal related to the bear, that lives largely in trees, and is active at night, inhabiting the United States, Mexico and parts of Southern Canada. It is chiefly gray, with black and white facial markings and a bushy ringed tail. Its amusing ways cause it to be often kept as a pet. The valuable coarse but handsome fur is much used for coats, robes, etc”.
As indicated, the term vermin has many definitions and a variety of connotations. The term, therefore, is capable of more than one meaning. This being so, the doubt in the exclusionary clause must be resolved in favor of the insured. The burden was on the defendant to establish that the term “vermin” not only was susceptible of being defined by the average man so as to include raccoons, but that such definition was the only one that could “fairly be placed thereon”. (Hartol Prods. Corp. v Prudential Ins. Co. of Amer., 290 NY 44, 49; Sincoff v Liberty Mut. Fire Ins. Co., supra, at p 390.)
In order for the defendant to derive any benefit from the exclusionary clause it was obliged to show “(1) that it would be unreasonable for the average man reading the *477 policy to conclude that [raccoons] were not vermin and (2) that its own construction was the only one that fairly could be placed on the policy.” (Sincoff v Liberty Mut. Fire Ins. Co., supra, at p 390.) The defendant did not demonstrate this.
The word used in this exclusion clause is ambiguous and capable of a definition which would not include raccoons. Ambiguities are construed against the insurer, particularly when found in an exclusionary clause. (Breed v Insurance Co. of North Amer., 46 NY2d 351, 353.) Therefore, plaintiff is not precluded from recovering for damage by raccoons because of the exclusion with respect to vermin. Additionally, including domestic animals as one of the perils that are excluded implies that nondomestic animals such as raccoons are covered. Furthermore, this portion of the policy (part I) covering real property is an “all risk” type of policy. A vague exclusion here should not be permitted to prevent indemnity. (Sincoff v Liberty Mut. Fire Ins. Co., supra.)
Defendant has further alleged that plaintiff should be precluded from recovering because the damage was not caused by one of the enumerated perils of the policy. However, the enumerated perils are in the personal property part of the policy and do not apply to real property. The personal property part of the policy insures against direct loss by the enumerated perils. Damage by raccoons does not fall within the enumerated perils. Therefore, in regard to the latter part of the policy, the language of the exclusionary clause is inapplicable.
Therefore, plaintiff’s motion for summary judgment is granted in regard to loss to real property and denied in regard to personal property. Defendant’s motion for summary judgment in regard to its nonliability for damages to personal property is granted. Plaintiff may set the matter down for an assessment of damages for his loss to real property by serving and filing a notice of inquest. The complaint is dismissed to the extent that plaintiff seeks damages for loss of personal property.