■ PALI FASHIONS, INC., Appellant, v NEW HAMPSHIRE INSURANCE COMPANY et al., Respondents.—

Plaintiff, an importer of women's apparel, obtained from the

defendant New Hampshire Insurance Company a "Marine Open Cargo Policy" insuring it for loss of lawful goods and merchandise shipped on and after May 16, 1985, while at port or at sea. A warehouse coverage endorsement extended the policy "to cover goods and merchandise which have been insured by this policy for the import voyage * * * while temporarily detained in stores or warehouses within * * * the United States". A provision of the warehouse endorsement provided that it attached to "goods and merchandise as described above * * * on or after May 16, 1985".

As here pertinent, plaintiff sustained water damage to goods and merchandise stored at its premises on August 3, 1985, which goods had been shipped to plaintiff prior to May 16, 1985. New Hampshire moved for partial summary judgment dismissing the first cause of action involving the August 3 water damage on the ground that the warehouse coverage endorsement did not afford coverage for any goods shipped prior to May 16, 1985. We agree with the IAS court that the contract is not ambiguous, and conclude that the first cause of action was properly dismissed upon defendant's motion. Before the rules governing the construction of ambiguous contracts are invoked, the court must first find an ambiguity in the policy. (*Breed v Insurance Co.*, 46 NY2d 351, 355.) The warehouse endorsement clearly extended to only those goods that had been insured by the policy for the import voyage, and it is undisputed that the goods referred to in plaintiff's first cause of action had not been insured for the import voyage, because they had been shipped prior to May 16, 1985. We are not here presented with a policy simply providing warehouse coverage on and after a certain date. The policy here is basically a marine open cargo policy covering goods shipped on and after May 16, 1985, while in port or at sea, which extended its coverage through the warehouse endorsement only to goods and merchandise that had been insured by the policy for the import voyage, and were thereafter stored in a warehouse. The warehouse endorsement did not extend coverage to goods shipped prior to May 16, 1985, which, by the terms of the policy, were not insured by the policy for the import voyage. Concur—Murphy, P. J., Sullivan, Ross, Kassal and Smith, JJ.