■ DAVID M. KENNEDY, Appellant, v NEWS AMERICA PUBLISHING, INC., Respondent.—Order of the Supreme Court, New York County (Edward Greenfield, J.), entered on April 8, 1989, granting defendant's motion pursuant to CPLR 3212 for partial summary judgment on the first, second and third causes of action of plaintiff's complaint to the extent of reducing the maximum amount of damages for which defendant is liable to $6,894.75 and denying plaintiff's cross motion for summary judgment as to liability, is unanimously modified on the law to the extent of granting plaintiff's cross motion for summary judgment as to liability in the amount of $6,894.75 and otherwise affirmed, without costs or disbursements.

Plaintiff, a professional photographer, entered into an agreement with defendant News America Publishing, Inc., publisher of New York magazine, according to which he would take a series of photographs at Battery Park City. In that regard, an examination of the record herein establishes that plaintiff took 1,224 slides, delivered them to New York magazine and received 379 of them back. Plaintiff's delivery process is clearly demonstrated and includes not only his testimony that he sent every transparency by messenger to Susan Vermazen, New York magazine's picture editor, but documented evidence of three separate deliveries, one on May 30, 1986 and two on June 2, 1986. The packages consisted of 196 exposures on 120 film, all of which were returned by defendant, and 1,224 transparencies or slides taken with 35-millimeter film. Prior to forwarding the transparencies to the magazine, plaintiff checked off all of the receipts from the laboratory where

they had been developed in order to ascertain that each roll of film had been returned. The invoices sent to defendant reflect that 34 rolls of 36 exposure, or 1,224 exposures, were made on the photography assignment, and plaintiff checked this number after receipt from the laboratory. In addition, a representative of New York magazine signed the messenger receipt upon acceptance of the photographs, and Vermazen admits to having received three deliveries from plaintiff. Defendant's unsubstantiated and self-serving assertion that the 379 transparencies returned were the only ones ever received is simply inadequate to raise a viable issue of fact requiring trial. Indeed, Vermazen stated at her deposition that she did not remember much about the assignment, maintained no records and never looked at the slides. Since there is no valid disputed question of fact, plaintiff is entitled to summary judgment in his favor as to liability with respect to the 845 transparencies which were not returned to him. In addition, it was conceded by defendant's attorney in open court that defendant would not contest liability for damages under the contract in excess of the amount of $6,894.75.

The Supreme Court correctly determined that the contractual liquidated damage clause expressly and unequivocally provides that damages for lost transparencies were to be calculated at $1,500 per transparency or three times the invoice price, "whichever is less." Applying that formula, and upon searching the record, we find that the proper amount of the damages is $6,894.75, representing triple the invoice price of $2,298.25 (see, Breed v Insurance Co., 46 NY2d 351; Matter of Caruso v Ward, 146 AD2d 22). We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Kupferman, J. P., Carro, Milonas, Kassal and Ellerin, JJ.