■ LESLIE ROWELL, Respondent, v UTICA MUTUAL INSURANCE COMPANY, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—Order unanimously modified on the law and as modified affirmed with costs to plaintiff, in accordance with the following memorandum: Zolene Garner gave her brother, Leslie Rowell, permission to drive her car. While Rowell was inside a delicatessen, a man attempted to steal the car. Rowell ran out of the store to recover the car and was injured when he became caught in an open door of the car and was dragged. The car was insured by Utica Mutual. The policy contained a standard uninsured motorist endorsement under which Utica Mutual agreed to pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile due to injury sustained by the insured.

Rowell commenced the instant action against Utica Mutual and Motor Vehicle Accident Indemnification Corporation (MVAIC) seeking a declaration of the respective rights and obligations of the parties. Utica Mutual moved to dismiss on the grounds that Rowell was not an "insured" and that the car was not an "uninsured automobile" as defined in the policy endorsement. MVAIC cross-moved for summary judgment and a declaration that Utica Mutual was responsible for coverage because Rowell was an insured and, therefore, not qualified to sue MVAIC (see, Insurance Law § 5202 [b]).

Supreme Court properly granted Utica Mutual's motion and denied MVAIC's motion. Rowell was not an insured under the policy because at the time of the accident the car was not being used with permission. The car was not an "uninsured automobile" because the policy exempted from its definition a

car owned by the named insured which is the case here because Rowell had his sister's permission to use the car. The language of the uninsured motorist endorsement is clear and precise and this court may not vary the policy language to accomplish notions of abstract justice or moral obligation *(see, Breed v Insurance Co.,* 46 NY2d 351, 355). Accordingly, judgment is granted declaring that plaintiff is entitled to make a claim only against MVAIC. (Appeal from order of Supreme Court, Erie County, McGowan, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Lawton and Lowery, JJ.