■ ZOHAR CREATIONS, LTD., Respondent, v THOSE CERTAIN UNDERWRITERS AT LLOYDS, Appellant.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered on June 19, 1990, which, *inter alia,* granted plaintiff's motion for summary judgment, and denied defendant's cross-motion for summary judgment, unanimously affirmed, with costs.

It is undisputed that plaintiff's president was robbed of approximately one million dollars worth of diamonds. Defendant nevertheless refused to pay plaintiff the maximum coverage of $400,000 as provided in its jewelry block insurance policy on the ground that the $25,000 limit of coverage for "off premises" was applicable.

Supreme Court properly concluded as a matter of law that the provision in the policy covering the "Assured's premises described herein" encompassed the hallway area outside Room 204A at 2 West 47th Street. The cover sheet of the policy defines the "assured" as "Zohar Creations, Ltd, 2-4 West 47th Street, New York, New York 10036", and the definition of "premises" is not otherwise restricted in the policy. By the

clear and unambiguous terms of the policy, the assured's premises must be considered to be the entire property described as 2-4 West 47th Street, including the hallway area outside Room 204A *(Breed v Insurance Co.,* 46 NY2d 351). Furthermore, since restrictions on the definition of property covered must be expressed in clear and unambiguous terms, it would not be appropriate to infer from an unrelated policy provision extending coverage to Room 204A that the parties intended that the term "premises" apply only to the booth or exchange area *(Breed v Insurance Co., supra).* If defendant intended to restrict the definition of "premises" to the booth area, it was required to do so in clear and unambiguous language *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304). Concur—Carro, J. P., Rosenberger, Kupferman, Ross and Rubin, JJ.