**EJS–ASOC TICARET VE DANISMANLIK LTD. STI., Edward J. Stackpole, and Itir Stackpole, Plaintiffs,**

v.

**AMERICAN TELEPHONE & TELE-GRAPH COMPANY and Unsworth Transport International, Inc., Defendants.**

**No. 92 Civ. 3038 (SS).**

United States District Court, S.D. New York.

Dec. 7, 1994.

---

Dennis H. Cavanaugh, New York City, for plaintiffs.

Nathan & Brecher, New York City (David J. Nathan, of counsel), American Tel. & Tel. Co. Legal Dept., New York City (George D. Zuckerman, Sr. Atty., of counsel), for defendant American Tel. & Tel. Co.

## MEMORANDUM OPINION AND ORDER

SOTOMAYOR, District Judge.

Defendant American Telephone and Telegraph ("AT & T") moves for summary judgment pursuant to Rule 56 of the Federal

Rules of Civil Procedure ("Rule 56"). For the reasons discussed below, the motion for summary judgment is granted.

### Background

The facts in this case have been fully set forth in an Opinion and Order dated July 28, 1993 by then District Judge (now Circuit Judge) Pierre N. Leval, and in an Opinion and Order by me dated December 30, 1993. *See* Affidavit of David J. Nathan, sworn to October 12, 1994 ("Nathan Aff."), at Exhibits C and D. I assume familiarity with those opinions, and herein only briefly summarize those facts relevant to the matter now before me.

Edward and Itir Stackpole own and manage EJS–ASOC Ticaret ve Danismanlik Ltd. Sti. ("EJS"), a company organized in Turkey which imports and distributes telecommunications equipment throughout that country. AT & T and EJS entered into a non-exclusive distribution agreement (the "Agreement"), which provided that AT & T's liability:

> whether in contract, tort or otherwise shall not exceed the lowest of (i) the direct damages proven, (ii) the repair or replacement costs (including the costs of cover), or (iii) the purchase price of the Product Components, Firmware, Software or Related Documentation that directly gives rise to the claim. In no event shall AT & T or its parent or affiliates be liable to Distributor, any Retailer or any other company or entity for any incidental, reliance, consequential or any other indirect loss or damage (including lost profits or revenues) arising out of or in connection with the sale of Products or the supply of Services pursuant to this Agreement.

Nathan Aff. at Ex. A, § 1.21 at p. 22.

On October 8, 1991, EJS placed an order with AT & T for $5,562.50 worth of telephone equipment. When AT & T shipped the order, an additional 98 telephone sets not ordered by EJS were included in the shipment. When Turkish customs officials inspected the shipment, they believed that EJS and/or the Stackpoles were trying to smuggle goods into Turkey. The entire shipment was seized by Turkish authorities, and a criminal prosecu-tion ensued. On April 27, 1992, plaintiffs commenced a "negligent misrepresentation" action against AT & T in this Court seeking, *inter alia*, three quarters of a billion dollars in damages for the financial and emotional losses they suffered as a result of the erroneous shipment.

I begin by noting the unusual procedural posture of this motion. In moving for summary judgment on the question of damages, AT & T appears implicitly to admit its responsibility for the erroneous shipment, and I proceed on that assumption. AT & T seeks a ruling that, as a matter of law, the determination of the amount of damages owed to EJS is governed by the Agreement, and is limited to the $5,562.50 purchase price of the goods actually ordered by EJS. AT & T maintains that under clause (iii) of § 1.21, damages in this case are equal to the $5,562.50 purchase price because that is the lowest measure of damages provable in this case. EJS concedes that damages must be calculated in accordance with the terms of the Agreement. *See* Plaintiff's Memorandum in Opposition to Defendant AT & T's Motion for Summary Judgment ("Plaintiff's Memorandum") at 5. EJS, however, argues that AT & T's liability should be measured by clause (i) of § 1.21 only, because that clause yields the highest measure of damages. EJS also seeks to have me interpret clause (iii) as applicable only if the damages alleged result from a defective product. If I accept AT & T's arguments, EJS urges me to find § 1.21's exclusion of consequential damages unconscionable.

### Discussion

#### I. *Rule 56: Summary Judgment*

Rule 56(c) provides that summary judgment is appropriate if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The burden is on the moving party to show that no genuine issue of material fact exists. *Gallo v. Prudential Residential Servs. Ltd.*

*Partnership,* 22 F.3d 1219, 1223 (2d Cir.1994) (citation omitted). A material fact exists where the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Iacobelli Const., Inc. v. County of Monroe,* 32 F.3d 19, 23 (2d Cir.1994) (citations omitted). In determining whether a genuine issue of material facts exists, all ambiguities must be resolved and all inferences drawn in favor of the non-moving party. *Id.*

■ The moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case. *Gallo,* 22 F.3d at 1223–24 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); *DiCola v. SwissRe Holding (N.A.), Inc.,* 996 F.2d 30, 32 (2d Cir.1993)). Establishing the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 525 (2d Cir.1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis in original)). Rather, to defeat a summary judgment motion, the responding party must show the existence of a disputed material fact in light of the substantive law. *Iacobelli Const.,* 32 F.3d at 23 (quoting *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510).

## II. *Contract Interpretation*

■ The instant dispute is governed by § 1.21 of the Agreement. In reviewing a contract, a district court's primary objective is "to give effect to the intent of the contracting parties as revealed by the language they chose to use." *Sayers v. Rochester Telephone Corp. Supplemental Management Pension Plan,* 7 F.3d 1091, 1094 (2d Cir. 1993) (quoting *Seiden Assocs. v. ANC Holdings, Inc.,* 959 F.2d 425, 428 (2d Cir.1992)). Where the language of a contract is susceptible to more than one reasonable interpretation, and where there is relevant extrinsic evidence of the parties' actual intent, a court is presented with an issue of fact. *Id.*

■ Whether a writing is ambiguous, however, is a question of law. *Id.* (citing *W.W.W. Assocs., Inc. v. Giancontieri,* 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 566 N.E.2d 639 (Ct.App.1990)). There is no ambiguity where the language has a "definite and precise meaning." *Id.* (quoting *Breed v. Ins. Co. of North America,* 46 N.Y.2d 351, 355, 413 N.Y.S.2d 352, 385 N.E.2d 1280 (Ct. App.1978)). The language of a contract is not made ambiguous "simply because the parties urge different interpretations." *Seiden,* 959 F.2d at 428. Furthermore, ambiguity does not exist where one party strains the contract language "beyond its reasonable and ordinary meaning." *Id.* (quoting *Bethlehem Steel Co. v. Turner Const. Co.,* 2 N.Y.2d 456, 459, 161 N.Y.S.2d 90, 141 N.E.2d 590 (Ct.App.1957)).

■ EJS's argument that it is entitled to the highest measure of damages allowed under § 1.21 of the Agreement is based largely upon its interpretation of the concluding sentence in Judge Leval's opinion. Judge Leval stated that AT & T was entitled to summary judgment "limiting its liability to the maximum amount permitted under § 1.21 of the distribution agreement." Nathan Aff. at Ex. C, p. 8. This interpretation of Judge Leval's concluding sentence is inconsistent with the meaning of the rest of that phrase, the text of the entire opinion, and the plain meaning of the Agreement itself. As noted, the Agreement provided that AT & T's liability "shall not exceed the lowest" of the three enumerated ways to calculate damages. I find the meaning of this language unambiguous. Once liability is calculated under each of the three measures of damages, AT & T's liability must be equal to, or less than, the dollar amount specified in the measure with the lowest overall figure. Although Judge Leval's opinion did not squarely address this issue, the opinion does not indicate, as EJS suggests, that Judge Leval held a contrary interpretation of § 1.21. Indeed, the concluding sentence of Judge Leval's opinion is consistent with my interpretation of § 1.21, because all that phrase means is that EJS is entitled to the maximum amount permitted under the Agreement, which is less than or equal to the lowest of the three measures of damages.

■ EJS does not dispute that clause (iii) provides the lowest measure of damages provable in this case, $5,562.50. Instead, EJS contends that clause (iii) applies only if the ordered products were defective. EJS bases this interpretation of clause (iii) on the phrase "that directly gives rise to the claim." *See* Plaintiff's Memorandum at 11. While it is true that the products actually ordered did not give rise to the damage claim, this observation does not change the fact that § 1.21 limits *any* damages "arising out of or in connection with the sale of Products" by requiring the parties to accept the lowest of three specified formulas for calculating damages. It does not matter that the damages in the instant case were not caused by the specific telephone equipment actually ordered by EJS. All that matters is that the damages incurred, arose out of, or were connected to, the sale of AT & T products to EJS under a licensed purchase order. EJS does not dispute that the damages it suffered were directly related to its purchase order with AT & T under the Agreement. Indeed, the core of EJS's action is that AT & T is liable because of it mishandled a crucial aspect of the purchase order by failing to disclose the additional 98 telephone sets in the shipping documentation provided to Turkish customs authorities. Therefore, I find that clause (iii) of § 1.21 is applicable to the instant dispute, and limits AT & T's damages to $5,562.50.

■ EJS's final claim, that § 1.21 is unconscionable because it shields AT & T from liability for negligent acts, also fails as a matter of law. In the proceeding before Judge Leval, EJS similarly argued that § 1.21 should not be enforced because it exculpated AT & T from liability for acts of gross negligence. Nathan Aff. at Ex. C, pp. 6–7. Judge Leval rejected that claim, and found § 1.21 enforceable. *Id.* EJS has not proffered a compelling argument to overturn Judge Leval's ruling. *See DiLaura v. Power Auth. of the State of New York,* 982 F.2d 73, 76 (2d Cir.1992) (under law of the case doctrine, once court decides upon rule of law, that decision should govern same issues in subsequent stages of the case).

■ Judge Leval's conclusion is further supported by the main case relied upon by EJS, *Chatlos Sys., Inc. v. Nat'l Cash Register Corp.,* 635 F.2d 1081 (3d Cir.1980). Contrary to EJS's contention, the Court in *Chatlos* upheld the enforcement of a clause prohibiting consequential damages for property loss arising out of an agreement to program a computer system. *See id.* at 1087. The Third Circuit held that enforcement of a limited liability clause is appropriate where (1) the claim is for a commercial loss, and (2) the limited liability clause is "clearly expressed in a short, easily understood sales contract." *Id.* In this case, both parties are corporate entities, the damage claim is for a commercial loss, and § 1.21 is a concisely written paragraph entitled "LIMITATION OF LIABILITY." *See* Nathan Aff. at Ex. A, p. 22. Thus, there is basis to declare the application of the limited liability clause unconscionable.

### *Conclusion*

For the reasons discussed above, AT & T's motion for summary judgment is granted. In a previous opinion, Judge Leval entered judgment on the individual plaintiffs' claims. The Clerk of the Clerk is directed to enter judgment against AT & T, the only remaining defendant, in favor of corporate plaintiff EJS for $5,562.50.

**SO ORDERED.**