■ NISKAYUNA SQUARE L. L. C., as Successor in Interest to 81 & 3 OF WATERTOWN, INC., Respondent, v ALBANK, FSB, Appellant. [692 NYS2d 538] —Order unanimously reversed on the law without costs, motion denied, summary judgment granted to defendant and complaint dismissed. Memorandum: Supreme Court erred in granting plaintiff landlord's motion seeking partial summary judgment on liability and to strike defendant tenant's second and third affirmative defenses in this action for breach of contract. Although we agree with the court that the terms of the parties' lease agreement are not ambiguous, we conclude that, unless the disputed sections are read together, they do not " ' "give effect to the intention of the parties" ' " (*Matter of Wallace v 600 Partners Co.,* 86 NY2d 543, 548, quoting *Breed v Insurance Co.,* 46 NY2d 351, 355, *rearg denied* 46 NY2d 940). Specifically, when read together, the December 15, 1995 deadline in section 4 (a) (i) is a condition precedent to defendant's right to terminate the lease based on plaintiff's failure to obtain site plan approval as provided for in section 5 (a) (i). If the disputed sections are not read together, both the December 15, 1995 deadline in section 4 and defendant's remedy for the failure of plaintiff to meet its obligation provided for in section 5 are rendered meaningless. Therefore, notwithstanding the absence of a cross motion for summary judgment by defendant, we grant summary judgment to defendant dismissing the complaint (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112; CPLR 3212 [b]). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Scudder and Balio, JJ.