LM PROPERTY AND CASUALTY COMPANY, INC., as Successor to PRUDENTIAL FINANCIAL, INC., Respondent, v DOUGLAS L. EVANS, as Administrator of the Estate of ISAAC A. EVANS, Deceased, Appellant, et al., Defendants. [877 NYS2d 566]—

Appeal from a judgment (denominated order) of the Supreme Court, Wyoming County (Rose H. Sconiers, J.), entered May 15, 2008 in a declaratory judgment action. The judgment, insofar as appealed from, granted the cross motion of plaintiff for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a declaration that it is not obligated to defend or indemnify defendant Matthew Graber in an underlying wrongful death action commenced by Douglas L. Evans (defendant), as administrator of decedent's estate. Decedent was killed when his motor vehicle collided with a vehicle that was owned and operated by Graber. At the time of the accident, Graber's vehicle was insured under a policy issued by United Services Automobile Association, and Graber was also listed as a "licensed operator" on a policy issued to his mother and step-father by plaintiff's predecessor in interest, Prudential Financial, Inc. The declarations page of the Prudential policy listed two covered vehicles for which premiums were paid: a 2000 Pontiac Bonneville sedan and a 2001 Chevrolet S10 pickup truck. Pursuant to part 3 of that policy, entitled "If You Injure Others or Damage Their Property," coverage was extended to "all cars for which a premium charge for this coverage is shown on the Declarations Page."

We conclude that Supreme Court properly granted plaintiff's cross motion for summary judgment on the complaint, in effect issuing a declaration that the Prudential policy did not provide coverage for Graber in the accident. Plaintiff established as a matter of law that Graber's 1999 Chevrolet Blazer is not a covered vehicle under the clear and unambiguous terms of the Prudential policy (*see Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978], *rearg denied* 46 NY2d 940 [1979]). In opposition, defendant failed to raise a triable issue of fact sufficient to defeat the cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to defendant's contention, the appearance of Graber's name on the Prudential policy did not provide Graber with coverage in the subject accident. Such an interpretation of the policy would create "an added source of indemnification [that] had never been contracted for and for which no premium had ever been paid" (*Zappone v Home Ins. Co.*, 55 NY2d 131, 137 [1982]). Present—Smith, J.P., Centra, Fahey, Carni and Gorski, JJ.