Order, Supreme Court, New York County (Harold B. Beeler, J.), entered on or about January 9, 2009, which, after a nonjury trial, awarded plaintiff a sum equal to 50% of the value of the apartment owned by defendant prior to the marriage upon a finding that defendant breached the terms of an antenuptial agreement, unanimously reversed, on the law, without costs, the award vacated and the matter remanded for further proceedings consistent herewith.
At issue is the meaning of a provision in an antenuptial agreement providing that defendant “shall cause the cooperative or condominium which he intends to purchase, with his funds, as the primary residence of the parties to be held in joint names of the parties with right of survivorship.” The court determined that it was unable to give effect to this provision as written, and that it required extrinsic evidence of the parties’ intentions on this issue. After holding a nonjury trial, the court found that the provision imposed an affirmative duty on defendant’s part to fulfill his stated intention of buying a new apartment in the parties’ joint names, that defendant had breached that duty, and, as a remedy for the breach, the court awarded plaintiff a sum equal to 50% of the value of the apartment owned by defendant prior to the marriage.
We disagree with the trial court’s conclusion that the subject provision was ambiguous. A contract is unambiguous if the *585 language it uses has “a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion” (Breed v Insurance Co. of N. Am., 46 NY2d 351, 355 [1978]). Here, the intent to purchase clause did not create an enforceable obligation, as a mere statement of an intention, even if expressed unconditionally and unequivocally does not, on its own, give rise to a binding contract (see Adams v Gillig, 199 NY 314 [1910]). This reading of the provision is consistent with other terms of the agreement, specifically section D (ii) of article 8, which provided that if no jointly owned marital residence is held at the termination of the parties’ marriage, defendant is required to pay to plaintiff $500,000, if such termination occurs within the first five years of the marriage and $1,000,000 if such termination occurs after the fifth anniversary of the marriage. There is no basis to deviate from the agreement as written.
Given this bargained for payment, as well as the other financial provisions included in the agreement for the benefit of plaintiff in the event the marriage terminated, there was no basis for the court’s conclusion that plaintiffs waiver of spousal support or maintenance must have been premised on a guarantee of a joint share in a marital residence. Nor did plaintiff provide any other basis for a contractual right to half the equity in defendant’s premarital apartment. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Renwick and Richter, JJ.