CenturyLink v. Dish Network

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of February, two thousand fourteen.

Present:    ROSEMARY S. POOLER,
            GERARD E. LYNCH,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

_____

CENTURYLINK, INC.
                    *Appellee*,

            -v-                                                13-123-cv

DISH NETWORK, L.L.C.,[1]
                    *Appellant*.

_____


Appearing for Appellant:    Robert M. Loeb, Orrick, Herrington & Sutcliffe LLP, Washington, D.C., (Rachel Wainer Apter, E. Joshua Rosenkraz, New York, N.Y.; John Michael Agnello, Melissa Ellen Flax, Carella, Byrne, Cecchi, Olstein, Brody & Agnello, Roseland, N.J., *on the brief*).

Appearing for Appellee:    Douglas P. Lobel, Cooley LLP, Reston, VA.

---

[1] The Clerk of the Court is directed to amend the caption as shown above.

Appeal from the United States District Court for the Southern District of New York (Baer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of said District Court be and they hereby are **AFFIRMED** in part and **VACATED and REMANDED** in part.

DISH Network, L.L.C. appeals from the July 31, 2012 and December 12, 2012 opinions and orders of the United States District Court for the Southern District of New York (Baer, *J.*) granting CenturyLink, Inc.'s motion for judgment on the pleadings and prohibiting DISH from unilaterally modifying the duration of certain payments due to CenturyLink, respectively. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm the July 31, 2012 opinion and order for the reasons set forth in the district court's thorough opinion. "Under New York law, which the parties agree governs their contract dispute, the question of whether a written contract is ambiguous is a question of law for the court." *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 396 (2d Cir. 2009). To be unambiguous, the contract terms must have "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *Id.* (quoting *Breed v. Ins. Co. of N. Am.*, 46 N.Y.2d 351, 355 (1978)). "A written agreement that is clear, complete and subject to only one reasonable interpretation must be enforced according to the plain meaning of the language chosen by the contracting parties." *Brad H. v. City of New York*, 17 N.Y.3d 180, 185 (2011). "Ambiguity is present if language was written so imperfectly that it is susceptible to more than one reasonable interpretation." *Id.* at 186.

However, we disagree with the district court's conclusion that the agreement between the parties was unambiguous regarding DISH's ability to unilaterally limit the monthly incentive payments to 60 months by invoking the language of Schedule 9.8.1. The relevant provision in Schedule 9.8.1 states that "[DISH] reserves the right, in its sole discretion, to extend and/or modify these standards from time to time, provided that [DISH] will use the same standards that it uses for retailers, generally." Schedule 9.8.1 appears to grant DISH great discretion, subject to two restraints: (1) any modifications made must be consistent with the standards applicable to other retailers; and (2) Section 12.1(i) of the agreement permits CenturyLink to terminate the agreement should DISH exercise its discretion in such a way as to work "a materially adverse change" to CenturtyLink's "reasonably anticipated economic benefits." While the first restraint appears to apply unambiguously post-termination, the second appears inapplicable once the agreement is terminated. It cannot be said, from a plain reading of the language in both provisions, whether the parties intended that DISH be able to invoke Schedule 9.8.1 post-termination to impose a 60-month cap. In this regard, we find the contract sufficiently ambiguous on its face to survive judgment on the pleadings. In addition, any argument that the change made by DISH worked such a severe economic hardship on CenturyLink that the change rises to the level of a breach of the covenant of good faith and fair dealing raises questions of fact that would require a trial.

Accordingly, the orders of the district court hereby are AFFIRMED in part, and VACATED and REMANDED in part for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk