NES Financial Corp. V. JP Morgan Chase Bank, N.A.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES
ROBERT D. SACK
GERARD E. LYNCH

*Circuit Judges*

_____

NES Financial Corp.,

*Plaintiff-Appellant*,

- v -                                              No. 13-7-cv

JPMorgan Chase Bank, N.A.,

*Defendant-Appellee*.

_____

Appearing for Appellant:          JEFFREY A. LAMKEN, (Robert K. Kry, MoloLamken LLP, Washington, DC, Steven F. Molo, *of counsel*), MoloLamken LLP, New York, NY, *for Appellant*.

Appearing for Appellee:          JOHN M. CALLAGY, (David I. Zalman, Damon Suden, *of counsel*), Kelley Drye & Warren LLP, New York, NY, *for Appellee*.

Appeal from a judgment following a bench trial, entered on November 30, 2012, in the United States District Court for the Southern District of New York (Victor Marrero, *Judge*). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment in favor of defendant JPMorgan Chase Bank, N.A. ("JPMorgan"), except for that portion dealing with the plaintiff's claim for breach of the contractual provision related to "true-up" payments, be and hereby is **AFFIRMED**; and that the portion of the judgment denying plaintiff NES Financial Corporation's ("NESF") claim for breach of the provision related to "true-up" payments be and it hereby is **VACATED** and the cause is **REMANDED** for further proceedings consistent with this Order.

We assume the parties' familiarity with the facts and record of prior proceedings, referencing them only as necessary to explain our decision.

## I. Standard of Review

"On appeal from a judgment after a bench trial, we review the district court's finding[s] of fact for clear error and its conclusions of law *de novo*." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 n.2 (2d Cir. 2013) (internal quotation marks omitted). We review mixed questions of law and fact "*de novo* to the extent that the alleged error is in the misunderstanding of a legal standard and clear error to the extent the alleged error is in a factual determination." *Diebold Found., Inc. v. Comm'r*, 736 F.3d 172, 174 (2d Cir. 2013).

## II. Recovery for Breach of Contract

NESF argues that the district court improperly denied it recovery in connection with its claims that JPMorgan breached the Share Purchase Agreement ("SPA"), which the parties executed to effect NESF's purchase of JPEX, a JPMorgan subsidiary. We disagree. NESF relies on the familiar rule that "[a] person violating his contract should not be permitted entirely to escape liability because the amount of the damage which he has caused is uncertain." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110 (2d Cir. 2007). But it is equally well established that this rule applies only in those situations where the existence or fact – as opposed to the amount – of damages is "not merely

3

speculative, possible, and imaginary, but . . . reasonably certain and [the damages are] such only as actually follow or may follow from the breach of the contract." *Id*. (quoting *Wakeman v. Wheeler & Wilson Mfg. Co.*, 101 N.Y. 205, 209, 4 N.E. 264, 266 (1886)) (internal quotation marks and emphasis omitted).

The district court did not find that NESF had suffered damages of an indeterminate amount; it found that NESF had suffered either no damages at all, or that the possibility that it would suffer damages at some future date was speculative. The court's November 28, 2012, Decision and Order indicates variously that "NESF has offered insufficient evidence of *any* damages it may have suffered," that "NESF did not present sufficient evidence to *establish* the damages it claims attributable" to any breach, and that the damages NESF sought were "unduly speculative." ECF No. 88, at 21, 39, 37 (emphasis added). We are not persuaded that these factual findings were clearly erroneous and, in view of the record and applicable law, we conclude that the court correctly declined to award NESF any relief on its breach of contract claims.

4

**III.   Sufficiency of the Fraud Claim**

NESF next disputes the district court's ruling that it could not have justifiably relied on a representation regarding the source of JPEX's client base allegedly made during a pre-closing meeting between executives of NESF, JPEX, and JPMorgan.  Because we are satisfied that the court's decision as to the fraud claim was correct under both New York and California law, we need not decide which applies.

Whether a plaintiff pleading fraud justifiably relied on a misrepresentation is generally a question of fact.  *See Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997) (applying New York law); *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 637, 54 Cal. Rptr. 3d 735, 745, 151 P.3d 1151, 1159 (2007)).  In New York, courts are "particularly disinclined to entertain claims of justifiable reliance" when "sophisticated businessmen engaged in major transactions enjoy access to critical information but fail to take advantage of that access."  *Schlaifer Nance & Co.*, 119 F.3d at 98 (quoting *Grumman Allied Indus. v. Rohr Indus. Inc.*, 748 F.2d 729, 737 (2d Cir. 1984)) (internal quotation marks omitted).  In California, a fraud plaintiff will be denied recovery "[i]f the conduct of the plaintiff in the light of his own intelligence and information was manifestly

unreasonable." *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1240, 44 Cal. Rptr. 2d 352, 360, 900 P.2d 601, 609 (1995).

The district court found that, regardless of what was said during the meeting in issue, "NESF was at least on notice prior to the acquisition of JPEX" of the relevant, correct information. ECF No. 88, at 6. Because we conclude that "the district court's account of the evidence is plausible in light of the record viewed in its entirety," *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985), we will not disturb it. And, in view of the applicable legal standards, neither will we disturb the court's conclusion that NESF's notice of the truth under the particular facts presented by this case precluded it from relying on any representation to the contrary.

## IV. Claim for Certain "True-Up" Payments

NESF also appeals the district court's denial of its claim for breach of the clause of the SPA that provided for JPMorgan to make "true-up" payments to NESF to compensate it for lost interest income on the balances of certain interest-bearing accounts that did not transfer to NESF at closing.

We review a district court's interpretation of a contract *de novo*. *VRG Linhas Aereas S.A. v. MatlinPatterson Global Opportunities Partners II L.P.*, 717 F.3d 322, 325

6

(2d Cir. 2013). "Where the parties dispute the meaning of particular contract clauses, the task of the court is to determine whether such clauses are ambiguous when read in the context of the entire agreement." *Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010) (internal quotation marks omitted). In doing so, "[t]he court should read the integrated contract as a whole to ensure that undue emphasis is not placed upon particular words and phrases, and to safeguard against adopting an interpretation that would render any individual provision superfluous." *Id*. at 468 (internal quotation marks and citation omitted). "Contract language is not ambiguous if it has 'a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion.'" *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 396 (2d Cir. 2009) (quoting *Breed v. Ins. Co. of N. Am.*, 46 N.Y.2d 351, 355, 413 N.Y.S.2d 352, 355, 385 N.E.2d 1280, 1282 (1978)) (brackets omitted).

When we determine on appeal that a contract is ambiguous and that there is insufficient extrinsic evidence of the parties' intended meaning so as to leave no doubt as to which interpretation of the contract a reasonable fact-finder would select, we may "remand for the trial court to consider and weigh extrinsic

7

evidence to determine what the parties intended." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002).

The district court appears to have based its decision on the wording of a single sentence in the clause at issue. We fear this may have led the court to place "undue emphasis" on the clause itself while rendering other language in the SPA superfluous. *See Maverick Tube Corp.*, 595 F.3d at 468. In light of additional, relevant language in the schedule to the SPA regarding how the payments in question are to be calculated, we cannot say that the contract language is "unattended by danger of misconception in the purport of the contract itself" such that "there is no reasonable basis for a difference of opinion." *JA Apparel Corp.*, 568 F.3d at 396 (brackets omitted). We therefore conclude that the provision is ambiguous.

Because the record before us does not permit us to resolve this ambiguity as a matter of law, we vacate the portion of the district court's opinion dealing with "true-up" payments and remand to the district court for further proceedings on that issue. *See Collins*, 303 F.3d at 433. On remand, the district court may consider whether to permit the parties to submit additional extrinsic evidence in support of their positions. Because it appears that the court has not already

8

addressed the issue, if the court concludes that NESF is entitled to relief on its "true-up" payments claim, it should also consider whether NESF may be entitled to indemnification from JPMorgan under the SPA for fees and expenses related to this portion of the litigation.

* * *

For the foregoing reasons, the judgment of the district court, except for that portion dealing with the plaintiff's claim related to "true-up" payments, is hereby AFFIRMED. The portion of the judgment denying the plaintiff's claim for "true-up" payments is VACATED and the cause is REMANDED for further proceedings consistent with this Order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

9