■ JULIE MARINI, Individually and as a Shareholder on Behalf of ITALDESIGN U.S.A. INC., Respondent, v ATTILIO

D'APOLITO et al., Appellants.—Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered October 2, 1989, which, *inter alia,* denied defendants' motion to dismiss the third, fifth and sixth causes of action, unanimously affirmed, with costs and disbursements.

Plaintiff commenced this action for, *inter alia,* breach of contract based upon a series of oral and written agreements pursuant to which plaintiff was to be the sole distributor of the Italian defendants' products in this country. Plaintiff contends that it was agreed she would also have an equity interest in a corporation formed to sell the products and receive a guaranteed salary for five years provided the corporation organized to sell the products made a profit. In support of her claim, plaintiff submitted a one-page, handwritten employment agreement which guaranteed employment for five years and which specifically provided that it would not be valid if the corporation did not make a profit. No reference to a time period was specified but the parties estimated it would take two years to make a profit. In addition to the employment agreement, plaintiff submitted a stock certificate in her name and a business plan which she prepared for third parties setting forth the relationship between the United States and Italian corporations and including a list of present customers of the Italian firm. Plaintiff claimed that the three documents were interrelated and set forth the agreement among the parties.

Defendants moved to dismiss the complaint, claiming, *inter alia,* the bar of the Statute of Frauds. The IAS court denied this portion of the motion, finding the employment contract to be ambiguous as to a time period and thus terminable in less than one year and the three agreements to be sufficiently tied together to allege an interrelated agreement which meets Statute of Frauds requirements. We agree.

On a motion to dismiss addressed to the pleadings, the material allegations of the complaint are deemed to be true and the plaintiff given the benefit of every possible inference. As is often stated, the nature of the inquiry is whether a cause of action exists and not whether it has been properly stated. *(Arrington v New York Times Co.,* 55 NY2d 433; *Rovello v Orofino Realty Co.,* 40 NY2d 633; *Cohn v Lionel Corp.,* 21 NY2d 559.)

The Statute of Frauds requires that an agreement be in writing if, by its terms, it is not to be performed within one year from the making thereof. (General Obligations Law § 5-

701.) The statute is narrowly construed and applied only to contracts which, by their terms, have absolutely no possibility of full performance within one year. *(D & N Boening v Kirsh Beverages,* 63 NY2d 449.) When one of the parties reserves the right to terminate the agreement, however, which right may be exercised within one year, the agreement is taken outside the Statute of Frauds. *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171.) Here, as defendants had the right to terminate plaintiff's employment and the contract was ambiguous as to the time period, the contract was capable of performance within one year. Further, the writings submitted were sufficiently connected and interrelated to comply with the Statute of Frauds. *(Crabtree v Arden Sales Corp.,* 305 NY 48.)  Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Wallach, JJ.