■ MARK J. GOLD, Respondent, v MANUEL L. KATZ et al., Appellants. [598 NYS2d 205] —Order, Supreme Court, New York County (Myriam Altman, J.), entered on or about September 25, 1992, which denied defendants' motion to dismiss the amended complaint and for a protective order, unanimously affirmed, with costs.

We agree with the IAS Court that the fee-sharing agreement alleged by plaintiff for the period that he was "Of Counsel" to defendant law firm was capable of performance within a year *(see, Apostolos v R.D.T. Brokerage Corp.,* 159 AD2d 62, 64, citing *Boening v Kirsch Beverages,* 63 NY2d 449, 454), and therefore not barred by General Obligations Law § 5-701 (a) (1). Not only was the firm free to reject any of plaintiff's or defendant Bleifer's referrals *(see Nat Nal Serv. Stas. v Wolf,* 304 NY 332, 340), but it also had the right to terminate plaintiff's employment at any time *(see, Marini v D'Apolito,* 162 AD2d 391). Contingencies on which the payment of an attorney's fee can depend, such as jury verdicts and settlement negotiations, did not create a power in a third person to terminate the alleged fee-sharing arrangement, such as would make it indefinite and incapable of performance within one year. In any event, disclosure of defendants' records, including ledgers, checks, settlement sheets, and closing statements, was properly directed to the reinstated cause of action. Nor is the alleged oral fee-sharing agreement unenforceable as violative of Code of Professional Responsibility DR 2-107 (22 NYCRR 1200.12), since plaintiff, although listed as "Of Counsel" to the firm, nevertheless had a "fixed link" to it as one who "regularly participate[d]" in its work, and thus should be deemed an "associate" of the firm not subject to the prohibition against fee splitting *(Nicholson v Nason & Cohen,* NYLJ, Aug. 28, 1992, at 21, cols 4, 6, *affd* 192 AD2d 473). We have reviewed the firm's argument

that plaintiff's demand for document production is burdensome and find that the denial of a protective order was not an abuse of discretion. Concur—Sullivan, J. P., Carro, Ellerin and Wallach, JJ.