■ Donald Kalfin, Respondent, v United States Olympic Committee, Appellant. [618 NYS2d 724] —Order, Supreme Court, New York County (Burton Sherman, J.), entered June 14, 1993, denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's cross-motion for summary judgment as to liability on the second and third causes of action, unanimously modified, on the law, to grant defendant's motion as to the first cause of action and, except as thus modified, affirmed, without costs or disbursements.

Asserting three causes of action—breach of contract, quantum meruit and unjust enrichment—plaintiff seeks to be compensated for services performed pursuant to an alleged agreement with defendant by which plaintiff would implement and assist in contract negotiations concerning a license agreement between defendant and the JC Penney Company, the owner and operator of the well known retail department store chain, for the sale and manufacture of wearing apparel bearing a replica of the official five-ring Olympic symbol. According to plaintiff, the agreement with defendant would provide for plaintiff's administering the Olympic wearing apparel program for a fee equal to 20% of all royalties paid by Penney to defendant. It is conceded that there never was a signed contract between plaintiff and defendant. The first cause of action based on breach of a contract, calling for the rendition of services and payment of commissions over an indefinite period of time, should have been dismissed since it runs afoul of the statute of frauds, which requires that contracts that cannot be performed within one year be in writing (General Obligations Law § 5-701 [a] [l]; *D & N Boening v Kirsch Beverages,* 63 NY2d 449). The documentation before the IAS Court indicates that the underlying contract between Penney and defendant could not be terminated by defendant within one year absent Penney's breach. Thus, it was not terminable as of right within one year. "A service contract of indefinite duration, in which one party agrees to procure customers or accounts or orders on behalf of the second party, is not by its terms performable within a year—and hence must be in writing * * *—since performance is dependent, not upon the will of the parties to the contract, but upon that of a third party." *(Zupan v Blumberg,* 2 NY2d 547, 550.)

The IAS Court's reliance on *North Shore Bottling Co. v Schmidt & Sons* (22 NY2d 171), which involved two parties and did not involve a contract for commissions on sales to third parties, is misplaced. Thus, the contract in *North Shore,* like employment-at-will contracts, could be performed within one year since the defendant could terminate it at any time. It was therefore held to be outside the statute of frauds. Here, in contrast, the contract asserted calls for the rendering of services and payment of commissions over an indefinite period of time with a third party having control over the duration of the obligation to pay commissions. Since the contract sued upon, as a matter of law, could not be performed within one year its enforcement is barred. Nor do the letters attached to the complaint constitute a writing sufficient to satisfy the

statute since they do not contain all the essential terms of an agreement or refer to other documents that do *(Dorman v Cohen,* 66 AD2d 411). There is no merit to plaintiff's argument that his claim did not involve a commission arrangement but, rather, a claim for a fee for negotiating a contract. He clearly alleged that in addition to negotiating the agreement he was to receive a commission for ongoing managerial services. Plaintiff cannot rewrite the contract he himself pleaded. Nor, on these facts, do the doctrines of partial performance or promissory estoppel apply.

The letters attached to the complaint, acknowledging defendant's obligation to compensate plaintiff for his "involvement" in bringing about the agreement between defendant and Penney, do, however, satisfy the statute of frauds insofar as plaintiff's second and third causes of action for quantum meruit and unjust enrichment, respectively, are concerned. As to these claims, a memorandum sufficient to satisfy the statute of frauds "need only evidence the fact of plaintiff's employment by defendant to render the alleged services. The obligation of the defendant to pay reasonable compensation for the services is then implied." *(Cohon & Co. v Russell,* 23 NY2d 569, 575-576.) A reading of the letters clearly negates defendant's claim that they were written in the context of settlement negotiations and plaintiff was properly awarded summary judgment as to liability on these causes of action. In opposing summary judgment, defendant's Deputy Secretary General, the author of one of the two letters annexed to the complaint, states, in conclusory fashion, "We maintained then, as now, that [plaintiff] did nothing to earn any compensation on the apparel agreement." This is a far cry from his contemporaneous written acknowledgement to plaintiff that "we do recognize the value of your involvement and stimulation of the potential agreement with [Penney], and would consider appropriate compensation; but, as I have previously described, not at the level proposed in your agreement." In the face of such an admission, defendant's cursory and conclusory denial of plaintiff's right to a commission will not defeat summary judgment. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.