■ MARTIN ORENSTEIN, Respondent, v SAMUEL GABE et al., Appellants, et al., Defendant. [624 NYS2d 835] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about June 24, 1994, unanimously affirmed for the reasons stated by Cahn, J., without costs and disbursements. No opinion. Rosenberger, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.

■ OXBRIDGE PARTNERS, L. P., Respondent, v NEW ENGLAND VIDEO, LTD., et al., Appellants. [624 NYS2d 408] —Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about July 21, 1994, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The IAS Court's reliance upon the doctrine of part performance to preclude at this stage of the litigation a Statute of Frauds dismissal of plaintiff's complaint is supported by a series of letters, executed proposals, and addenda that raise an issue of fact with respect to whether or not the time for performance of the written agreement between the parties was extended so as to preserve Oxford's right to "finder's fee" compensation against the Statute of Frauds defense (see, Kalfin v United States Olympic Comm., 209 AD2d 279, 280-281). Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.

■ PHYSICIANS' RECIPROCAL INSURERS, as Subrogee of REGINALD MANNING, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 86222.) [625 NYS2d 5] —Order of the Court of Claims of the State of New York (Gerard Weisberg, J.), entered March 24, 1994, which denied defendant's cross motion for summary judgment dismissing the claim on the grounds that the court lacked subject matter jurisdiction and that the claim was untimely, unanimously affirmed, without costs.

The court correctly held that it has subject matter jurisdiction over this timely commenced claim under Public Officers Law § 17 for reimbursement of the settlement amount and cost of defending a malpractice action against claimant's subrogor, an assistant professor of medicine at SUNY-Downstate Medical Center (Frontier Ins. Co. v State of New York, 172 AD2d 13), and that a CPLR article 78 proceeding by the subrogor was not necessary or appropriate (Frontier Ins. Co. v State of New York, 197 AD2d 177, 181). Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.