■ BASSEL WILSON, an Infant, by His Mother and Natural Guardian, ANCLIN WILSON, et al., Plaintiffs, v NEITA LAFONTANT et al., Defendants. HERBERT G. LINDENBAUM, Nonparty Appellant-Respondent; RONALD S. PLATT, Nonparty Respondent-Appellant. [657 NYS2d 693] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered September 19, 1996, in a medical malpractice action brought on behalf of an infant, unanimously affirmed, insofar as it declared that respondent-cross-appellant Platt is entitled to two-thirds of the fee generated by the compromise and directed appellant-cross-respondent to file a discontinuance of the action he commenced against Platt to rescind their fee sharing agreement, and the appeal is otherwise dismissed as superseded by the appeal from the order entered October 16, 1996; order, same court and Justice, entered October 16, 1996, which declared that Platt is entitled to $203,333.33 as his share of legal fee, of which $183,333.33 is attributable to the settlement with defendant hospital received by Lindenbaum and $20,000 to the settlement with defendant doctor not yet received by Lindenbaum; directed Lindenbaum to pay Platt $183,333.33; directed the doctor's carrier to deposit its entire $30,000 settlement with the court; denied Platt's motion for permission to enter judg-

ment against Lindenbaum on the ground that Lindenbaum had filed an appeal bond as to the $183,333.33; and declared that Platt, should he prevail on appeal, would be entitled to 9% interest on $183,333.33 nunc pro tunc as of September 13, 1996, unanimously modified, on the law, to declare that Platt would be entitled to 9% interest on $183,333.33 nunc pro tunc as of July 24, 1996, and otherwise affirmed, with one bill of costs payable to Platt.

The IAS Court had subject matter jurisdiction to fix legal fees in this infant's compromise action (CPLR 1207), and personal jurisdiction over both Platt and Lindenbaum, as the former was the infant's attorney of record and the latter had submitted the application for approval of the compromise. The IAS Court correctly held that Lindenbaum lacks standing to object to Platt's fee sharing arrangement with another attorney, and we would note that insofar as such objection is based upon a claimed violation of Code of Professional Responsibility DR 2-107 (22 NYCRR 1200.12), it is improperly raised for the first time on appeal. Concerning the cross appeal, the court properly refused Platt permission to enter judgment where a bond had been posted, but erred in awarding him interest should he prevail on appeal, from the date of its decision that Lindenbaum was liable. Interest should be computed from the earliest ascertainable date that Platt's cause of action against Lindenbaum existed (CPLR 5001 [b]), which would be the date Lindenbaum received payment of the compromise amount from the hospital. While Lindenbaum never disclosed that date, he did not deny Platt's assertion that he received such payment in July. As the amended compromise order was entered July 24, 1996, we deem that to be the date on which Lindenbaum received the proceeds of the compromise, and modify the date from which interest is to be computed accordingly. We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Tom and Mazzarelli, JJ.