■ SATRA LIMITED et al., Appellants, v COCA-COLA COMPANY et al., Respondents. [669 NYS2d 22] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 10, 1996, which, *inter alia*, granted defendants' motion to dismiss plaintiffs' amended complaint, except for the first cause of action as against The Coca-Cola Company and Coca-Cola Financial Corporation for breach of contract, unanimously modified, on the law, to the extent of reinstating plaintiffs' fourth cause of action for breach of contract as against The Coca-Cola Company and Coca-Cola Financial Corporation only, and otherwise affirmed, without costs.

For purposes of the instant preanswer motion to dismiss, the letter of February 28, 1990 is sufficient to support plaintiffs'

fourth cause of action for breach of the Cola-Cola defendants' agreement to pay plaintiffs $200 per car over the 17,000 minimum on a one-time basis for the year 1990. The proofs might well show that this letter, although preliminary to what was to be a more formal agreement, was intended to be binding (*see, V'Soske v Barwick*, 404 F2d 495, 499-500, *cert denied* 394 US 921; *Four Seasons Hotels v Vinnik*, 127 AD2d 310). The essential terms appear to be stated, with any unarticulated terms referable to the prior agreements. Nor are any Statute of Frauds problems apparent, there being a memorandum signed by the party to be charged, and payment to be a discrete one-time occurrence by its terms performed in one year.

The balance of plaintiffs' claims were properly dismissed. The second cause of action for an accounting, based on an alleged oral agreement by Coca-Cola to pay Satra 10% commissions on any future business ventures entered into by Coca-Cola in the former Soviet Union, or on the performance of services by Satra for which it expected payment, is barred by the Statute of Frauds applicable to finders (General Obligations Law § 5-701 [a] [10]; *see, Minichiello v Royal Bus. Funds Corp.*, 18 NY2d 521, *cert denied* 389 US 820), and to the rendition of services and payment of commissions over an indefinite period of time (General Obligations Law § 5-701 [a] [1]; *see, Kalfin v United States Olympic Comm.*, 209 AD2d 279). To the extent plaintiffs are alleging an oral modification to the existing Commission Agreement, such is also barred by the Statute of Frauds (*see, Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372). Plaintiffs do not address the dismissal of the third cause of action. With respect to the fifth and sixth causes of action, alleging that Coca-Cola breached agreements to grant plaintiffs the right to establish bottling operations in the former Soviet Union, and to enter into other joint ventures with plaintiffs, ample evidence demonstrates that Coca-Cola contemplated that plaintiffs perform studies and other preliminary work in connection with such operations and ventures, and there is no good ground to support the claim of binding agreements in these respects. The seventh cause of action alleging that defendants were unjustly enriched by the Countertrade agreements was properly dismissed as precluded by the existence of an enforceable written contract on the same subject (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388-389). That plaintiffs were to assist in opening additional markets for Coca-Cola in the former Soviet Union was clearly contemplated by the parties, as indicated by their "Protocol", which was later superseded by the Commission and General Agreements. Finally, the eighth cause of action for fraudulent

inducement, alleging that defendants made promises they never intended to keep, such as to publicize plaintiffs' role in Coca-Cola's entry into the former Soviet market, lacks sufficient detail to convert what are essentially contract claims into a fraud claim (*see, DePinto v Ashley Scott Inc.*, 222 AD2d 288). We have considered plaintiffs' other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Mazzarelli and Andrias, JJ.