■ PATRICIA FINAN et al., Appellants, v JACK RUDIN et al., Respondents. [707 NYS2d 326] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated January 21, 1999, which granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

Upon all the evidence in the record, including a surveillance videotape of the accident scene (see, Rosenblatt v Kahn, 245 AD2d 438), the Supreme Court properly determined that the defendants established entitlement to judgment in their favor as a matter of law and that the plaintiffs failed to raise an issue of fact as to whether the defendants had actual or constructive notice of the alleged hazardous condition (see, Pirillo v Longwood Assocs., 179 AD2d 744). Ritter, J. P., Sullivan, Luciano and H. Miller, JJ., concur.

■ DEBORAH R. FIORELLO, Appellant, v BRUCE RAHEB, Respondent. [706 NYS2d 883] —In a matrimonial action in which the parties were divorced by a judgment dated February 11, 1985, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated December 24, 1998, as upon granting her leave to enter a money judgment against the defendant in the principal sum of $50,451, representing disability benefits that he wrongfully retained, awarded statutory interest at the prevailing rate from December 1, 1997, rather than from August 1, 1990.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contentions, the award of prejudgment interest is founded on the theory that there has been a deprivation of use of the money, and the sole function of interest is to make the plaintiff whole. " 'It is not to provide a windfall for either party' " (155 Henry Owners Corp. v Lovlyn Realty Co., 231 AD2d 559, 560; Kaiser v Fishman, 187 AD2d 623, 627).

Under the circumstances of the instant case, it was within the discretion of the Supreme Court to award prejudgment interest from December 1, 1997, an ascertainable "single reasonable intermediate date" (CPLR 5001 [b]). Thompson, J. P., S. Miller, Florio and Schmidt, JJ., concur.