ROBERT J. HAYDEN, Respondent, v P. ZARKADAS, P.C., et al., Appellants. [795 NYS2d 278]—

In an action, inter alia, to recover damages for breach of an oral agreement to pay legal fees, the defendants appeal from (1) a decision of the Supreme Court, Suffolk County (Werner, J.), dated November 26, 2003, and (2) a judgment of the same court entered January 9, 2004, which, upon the decision made after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $43,206 and awarded prejudgment interest from November 30, 1996, in the sum of $27,636.75.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is modified, on the law, by delet-

ing the provision thereof awarding prejudgment interest in the sum of $27,636.75, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination and award of prejudgment interest in accordance with CPLR 5001 (b); as so modified, the judgment is affirmed, without costs or disbursements.

The plaintiff, an attorney, commenced this action, inter alia, to recover damages for breach of an oral agreement which he entered into with the individual defendant and the defendant professional corporation, a law practice. The agreement essentially provided that the plaintiff would be paid one third of the legal fees recovered by the defendants in any personal injury cases upon which the plaintiff performed work. Following a nonjury trial, the Supreme Court determined that the defendants breached the agreement and awarded the plaintiff the principal sum of $43,206, and prejudgment interest from November 30, 1996, in the sum of $27,636.75.

Contrary to the defendants' contention, this action was not barred by the statute of frauds. Rather, the parties' agreement constituted a contract of at-will employment which could be performed within one year and therefore was not subject to the writing requirement of General Obligations Law § 5-701 (a) (1) (see Cron v Hargro Fabrics, 91 NY2d 362 [1998]; Tannenbaum v Reichenbaum & Silberstein, 226 AD2d 700 [1996]; Gold v Katz, 193 AD2d 566 [1993]).

Similarly unavailing is the individual defendant's contention that she should not be held personally liable for any breach of the employment contract. There was ample evidence in the record establishing that the employment agreement was entered into by the individual defendant and became effective well before the creation of her professional corporation, which subsequently adopted that agreement.

However, the defendants correctly contended that the Supreme Court erred in calculating the award of prejudgment interest from November 30, 1996. Since the complaint sought recovery of a portion of legal fees which were collected on various dates, prejudgment interest upon each amount should have been calculated from its date of collection, or interest upon the entire award should have been calculated "from a single reasonable intermediate date" (CPLR 5001 [b]; see Fiorello v Raheb, 271 AD2d 402 [2000]; Friedman v Eisenstein, 263 AD2d 367 [1999]; Wilson v LaFontant, 240 AD2d 172 [1997]). Accordingly, we vacate the award of prejudgment interest and remit the matter to the Supreme Court, Suffolk County, for the calculation of a new award in accordance with the statute.

The defendants' remaining contentions are without merit. Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.