(September 26, 2006)

■ AMERICAN BUILDING SUPPLY CORP., Plaintiff, v AVALON PROPERTIES, INC., Also Known as AVALONBAY COMMUNITIES, INC., Appellant-Respondent, YORK HUNTER CONSTRUCTION, INC., et al., Respondents-Appellants, et al., Defendants. [822 NYS2d 289]—

In an action to foreclose upon a mechanic's lien in which the defendant Avalon Properties, Inc., also known as Avalonbay Communities, Inc., asserted cross claims to recover damages for breach of contract and breach of a performance bond, (1) the defendant Avalon Properties, Inc., also known as Avalonbay Communities, Inc., appeals, as limited by its brief, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Westchester County (Rudolph, J.), entered February 24, 2005, as, after a nonjury trial, is in favor of it and against the defendants York Hunter Construction, Inc., and National Union Fire Insurance Company of Pittsburgh, PA, jointly and severally, on its cross claims in the principal sum of only $1,248,748, and (2) the defendants York Hunter Construction, Inc., and National Union Fire Insurance Company of Pittsburgh, PA, cross-appeal, as limited by their brief, from so much of the same judgment as is in favor of the defendant Avalon Properties, Inc., also known as Avalonbay Communities, Inc., in the principal sum of $1,248,748.

Ordered that the judgment is modified, on the law, by reduc-

ing the award on the cross claims from the principal sum of $1,248,748 to the principal sum of $371,207; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the defendant Avalon Properties, Inc., also known as Avalonbay Communities, Inc., to the defendants York Hunter Construction, Inc., and National Union Fire Insurance Company of Pittsburgh, PA, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment accordingly.

In July 1997 the defendant Avalon Properties, Inc., also known as Avalonbay Communities Inc. (hereinafter Avalon), and the defendant York Hunter Construction, Inc. (hereinafter York Hunter), entered into a Construction Management Agreement, which stated that Avalon was the owner and that York Hunter would act as the construction manager for the construction of three residential apartment buildings in Mamaroneck. The contract stated that time was of the essence and listed substantial completion dates for each of the three buildings, subject to certain conditions. Subsequently, the defendant National Union Fire Insurance Company of Pittsburgh, PA (hereinafter National Union), as surety, issued a performance bond with York Hunter as principal and Avalon as owner. Complications that the Supreme Court found were the fault of both Avalon and York Hunter caused York Hunter to complete two of the buildings subsequent to their substantial completion dates. The third building also was not completed by its substantial completion date, and York Hunter eventually abandoned work on it. After National Union failed to honor its obligations as surety, Avalon completed construction of the third building on its own.

Avalon asserts that, as a result of the breach of contract and breach of the performance bond by York Hunter and National Union, respectively, it spent over $5 million in total costs to complete the buildings and lost significant rental income. York Hunter and National Union countered that Avalon only spent $3,479,010 in construction-related completion costs, which included $877,541 in retainage costs (Avalon's direct payments to York Hunter's subcontractors), and that it could not recover lost rental income because the conditions associated with the substantial completion dates were conditions precedent which did not occur through the fault of both Avalon and York Hunter.

The Supreme Court found that the proper measure of damages was the difference between the amount remaining on the contract and the cost of completion. In this regard, the court found that Avalon would have paid $2,833,197 under the

contract if York Hunter had not breached the contract, by deducting Avalon's payments to York Hunter and $877,541 it spent in retainage costs from the contract price. The Supreme Court also found that Avalon's completion costs, or the amount it actually spent to complete the project, were $4,081,945, which included $3,479,010 in construction-related completion costs. Accordingly, the Supreme Court awarded Avalon the sum of $1,248,748 in damages or the difference between the amount it would have paid under the contract if there had been no breach and its actual total completion cost. Avalon appeals, claiming that its total completion costs were more than $5 million, that it was entitled to lost rental income, and that it was entitled to an attorney's fee. York Hunter and National Union cross-appeal, claiming that the court "double counted" retainage costs, that is, the court should not have included the retainage costs in the construction-related costs paid by Avalon while also deducting retainage costs from the amount remaining due under the contract.

Contrary to Avalon's contentions, lost rental income was not recoverable because there were conditions precedent to York Hunter's duty to substantially complete the buildings on the dates specified in the contract, and these conditions did not occur through the fault of both Avalon and York Hunter (*see generally Matter of Lakeland Fire Dist. v East Area Gen. Contrs., Inc.*, 16 AD3d 417 [2005]). Avalon's claim for an attorney's fee is without merit (*see United States Fid. & Guar. Co. v Braspetro Oil Servs. Co.*, 369 F3d 34, 77 [2004]).

Avalon's evidence in support of its argument that its total completion costs were more than $5 million was incomplete and contradictory. Therefore, we agree with the Supreme Court's findings of fact calculating Avalon's construction-related cost of completion at $3,479,010 (*see Rockland Dev. Assoc. v State of New York*, 15 AD3d 381 [2005]; *Gerenstein v Williams*, 282 AD2d 786, 787 [2001]). However, the Supreme Court "double counted" the retainage costs by including Avalon's $877,541 in retainage costs as part of the $3,479,010 construction-related costs while also deducting $877,541 in retainage costs from the amount remaining due under the contract. Adding the retainage costs back to the amount remaining due under the contract reduces the $1,248,748 award of damages to Avalon to the sum of $371,207. Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.