KRYSTAL INVESTIGATIONS & SECURITY BUREAU, INC., Appellant, v UNITED PARCEL SERVICE, INC., Respondent. [826 NYS2d 727]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated March 29, 2006, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs.

The plaintiff is a security service corporation, and the defendant is a package delivery company. In 1999 the parties entered into a three-year contract whereby the plaintiff was to provide armed guard service at "such times and at such locations as [the defendant] may request." This contract was later extended until July 2005. From 1999 until 2003 the plaintiff furnished armed guards at two of the defendant's warehouse locations, one in Queens and one in Brooklyn. Sometime around the middle of 2003 the defendant decided that it would only require the plaintiff's guard services at its Queens location. The plaintiff commenced this action claiming that the defendant breached the contract by discontinuing service at the Brooklyn location. The defendant moved to dismiss the complaint arguing that it was entitled to discontinue part of the plaintiff's services under the language of the contract. The court found that the language in the contract was "not ambiguous and is clear as used in this

agreement and as a result . . . [the] complaint must be dismissed." We agree.

An unambiguous and clear contract should be enforced according to its terms (see *Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548 [1995]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 159-160 [1990]). Accordingly, evidence outside the "four corners of the document" is generally not admissible to vary or alter the writing (see *W.W.W. Assoc. v Giancontieri*, supra at 162; *Automotive Mgt. Group v SRB Mgt. Co.*, 239 AD2d 450, 451 [1997]). As stated by the Court of Appeals in the recent case of *Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]: "Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide . . . A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' (*Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978], *rearg denied* 46 NY2d 940 [1979]). Thus, if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity" (citations omitted; see also *Kass v Kass*, 91 NY2d 554, 566 [1998]; *Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 188, 191 [1986]).

Contrary to the plaintiff's contention, the agreement between the parties was clear and unambiguous that the defendant had the right to choose when and where it would require the plaintiff's armed security services. Thus, there was no reason to resort to extrinsic evidence to interpret the agreement. Accordingly, the court correctly granted the defendant's motion to dismiss the complaint. Miller, J.P., Crane, Lifson and Dillon, JJ., concur.