■ BRIDGE PUBLIC RELATIONS AND CONSULTING, INC., Respondent, v HYLAN ELECTRICAL CONTRACTING, INC., Appellant. [884 NYS2d 172]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Richmond County (Gigante, J.), dated October 29, 2007, which, upon an order of the same court dated July 2, 2002, among other things, granting the plaintiff's motion for summary judgment on the issue of liability, upon a decision of the same court dated May 7, 2007, made after a nonjury trial on the issue of damages, finding that the plaintiff sustained damages in the principal sum of $191,454.06 and that the plaintiff is entitled to recover predecision interest pursuant to CPLR 5001 from December 1, 1998, and upon an order of the same court dated August 27, 2007, denying the defendant's motion pursuant to CPLR 4404 (b) to set aside the decision as contrary to the weight of the evidence, is in favor of the plaintiff and against it in the total sum of $344,021.57.

Ordered that the judgment is affirmed, without costs or disbursements.

"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning

of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32 [2002]; *Reiss v Financial Performance Corp.*, 97 NY2d 195, 198 [2001]). "A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (*Greenfield v Philles Records*, 98 NY2d at 569, quoting *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]; *see Krystal Investigations & Sec. Bur., Inc. v United Parcel Serv., Inc.*, 35 AD3d 817, 818 [2006]). It is "for [the] court to say, as matter of law, whether reasonable [people] may reasonably differ as to such meaning" (*Hartigan v Casualty Co. of Am.*, 227 NY 175, 179 [1919]; *see Breed v Insurance Co. of N. Am.*, 46 NY2d at 355).

In this case, paragraph 2 of the agreement provides "[the plaintiff] shall receive 50% of all profits realized . . . on all projects referred and/or procured by [the plaintiff], after 10% overhead and all direct or indirect costs." The contract further provides that "[a]ny payments made pursuant to paragraph 3 . . . are understood to be part of the 10% overhead." Paragraph 3 of the agreement states "[the defendant] shall pay to [the plaintiff] the sum of Two Thousand Five Hundred ($2,500) Dollars per week and costed against each job as part of overhead."

Contrary to the defendant's contention, the Supreme Court properly determined that the agreement is unambiguous and that the weekly payments to the plaintiff were not to be deducted as independent costs under the agreement, but rather, were understood to comprise a portion of the 10% overhead (*see Greenfield v Philles Records*, 98 NY2d at 569-570; *Krystal Investigations & Sec. Bur., Inc.*, 35 AD3d at 818). Where, as here, an agreement is not ambiguous, "there [is] no reason to resort to extrinsic evidence to interpret [it]" (*Krystal Investigations & Sec. Bur., Inc.*, 35 AD3d at 818; *see Greenfield v Philles Records*, 98 NY2d at 569; *Breed v Insurance Co. of N. Am.*, 46 NY2d at 355; *Hartigan v Casualty Co. of Am.*, 227 NY 175, 179 [1919]).

The defendant's contention that the Supreme Court erroneously calculated the plaintiff's share of the profits also is without merit. The calculations proffered by the defendant on this appeal are contradictory and include numerous instances of double counting (*see American Bldg. Supply Corp. v Avalon Props., Inc.*, 32 AD3d 971, 973 [2006]). Moreover, "the court's finding as to damages . . . was supported by the evidence and should not be disturbed" (*Rockland Dev. Assoc. v State of New York*, 15

AD3d 381, 382 [2005]; *see American Psych Sys. v Options Ind. Practice Assn.*, 276 AD2d 654, 655 [2000]).

Nor did the Supreme Court err in determining that the plaintiff is entitled to recover predecision interest from December 1, 1998. Where "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" (CPLR 5001 [b]; *see Baer v Anesthesia Assoc. of Mount Kisco, LLP*, 57 AD3d 817 [2008]; *Hayden v P. Zarkadas, P.C.*, 18 AD3d 500, 501 [2005]; *155 Henry Owners Corp. v Lovlyn Realty Co.*, 231 AD2d 559, 560-561 [1996]). Under the circumstances presented here, December 1, 1998, constituted a "single reasonable intermediate date" under CPLR 5001 (b), and the Supreme Court did not improvidently exercise its discretion in calculating the predecision interest (*see Fiorello v Raheb*, 271 AD2d 402 [2000]; *Falcone v EDO Corp.*, 141 AD2d 498, 500 [1988]). Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.