In an action, inter alia, to recover damages for the fraudulent transfer of certain property and violations of Judiciary Law *966 §§ 487, 488 and 489, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 17, 2009, as granted those branches of the motion of the defendants Russ & Russ, EC., Jay Edmond Russ, Linda Eileen Russ, Daniel E Rosenthal, Kenneth J. Lauri, and Ira Levine which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first, second, third, sixth, and eighth causes of action insofar as asserted against them and granted those branches of the separate motion of the defendants Portabella Associates, LLC, and Jonnat Management Corp. which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third, sixth, and eighth causes of action insofar as asserted against them.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Russ & Russ, EC., Jay Edmond Russ, Linda Eileen Russ, Daniel E Rosenthal, Kenneth J. Lauri, and Ira Levine which was to dismiss the sixth cause of action insofar as asserted against them, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the separate motion of the defendants Portabella Associates, LLC, and Jonnat Management Corp. which was to dismiss the sixth cause of action insofar as asserted against them, and substituting therefor a provision denying that branch of the separate motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In March 2001, after defaulting on a mortgage loan made to them by the plaintiffs Marek Rozen and Christine Rozen (hereinafter together the Rozens), the defendants Mohamed Sh. Omar and Sally Omar (hereinafter together the Omars) entered into an agreement with the Rozens (hereinafter the March 2001 agreement), pursuant to which, inter alia, the Omars would convey the mortgaged property to the Rozens by quitclaim deed, Sally Omar would have a right of first refusal to purchase the mortgaged property, and, if Sally Omar decided to erect a house on the property within five years and prior to the sale of the property, the Rozens would reconvey the property to her, with 95% of the purchase price financed by a 15-year purchase-money mortgage.
When the Rozens rejected Sally Omar’s notice that she was exercising her option to purchase the mortgaged property, the Omars commenced ap action against the Rozens, seeking specific performance of the March 2001 agreement. The defend *967 ant Russ & Russ, EC. (hereinafter the Russ PC), represented the Omars in that action, and in two other actions commenced against them by the Rozens and their daughter, the plaintiff Gabrielle Rozen (hereinafter collectively the plaintiffs), to collect separate debts allegedly owed by the Omars.
In May 2006, the Omars and the Russ PC entered into a supplemental retainer agreement, which provided that, since the Omars “lack[ed] the funds to honor the [original] retainer agreement,” the Omars would immediately pay the outstanding bill in the amount of $14,000; that the fee for the Russ PC’s work on the Omars’ action against the Rozens would be 40% ownership of the mortgaged property and 40% of “any recovery of any kind”; and that the fee for the Russ PC’s work on the plaintiffs’ actions against the Omars would be an additional 40% ownership of the mortgaged property and an additional 40% of “any recovery of any kind” in the Omars’ action against the Rozens. The supplemental retainer agreement further provided that Sally Omar would assign “all of her right, title and interest” in the Omars’ action against the Rozens and the mortgaged property to “an LLC,” and “[t]he LLC shall be substituted as the plaintiff in the [Omars’ action against the Rozens].” Sally Omar was to receive her 20% interest in the Omars’ action against the Rozens and the mortgaged property in the form of a cash payment from the LLC. The defendant Portabella Associates, LLC (hereinafter Portabella), was formed for the purpose of providing financing for the purchase and development of the mortgaged property and taking title to the property. Portabella was wholly owned by the defendant Jonnat Management Corp. (hereinafter Jonnat), which, in turn, was wholly owned by the defendant Jay Edmond Russ, a principal of the Russ PC.
After the trial of the plaintiffs’ actions against, among others, the Omars, which resulted in a judgment in favor of the plaintiffs in the principal sum of $800,000, the plaintiffs learned of the assignment of Sally Omar’s rights to Portabella. The plaintiffs then commenced this action against the Russ PC, Jay Edmond Russ, and several other attorneys affiliated with the Russ PC (hereinafter collectively the Russ attorneys), as well as Portabella, Jonnat, and the Omars, to recover damages for fraudulent transfer and violations of Judiciary Law §§ 487, 488 and 489, as well as recision of the assignment of Sally Omar’s rights to Portabella and injunctive relief. The Russ attorneys moved, and Portabella and Jonnat separately moved, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court denied those *968 branches of the motions which were to dismiss the causes of action alleging fraudulent transfer, and otherwise granted the relief requested. The plaintiffs appeal.
Judiciary Law § 487 provides that an attorney who “[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party” is guilty of a misdemeanor, and “forfeits to the party injured treble damages, to be recovered in a civil action.” In the first cause of action, the plaintiffs alleged that the Russ attorneys “deceitfully concealed from the [c]ourts and from plaintiffs,” for a period of 18 months, “the transfer of the interest in the [mortgaged] property between Sally Omar and Portabella.” Since Judiciary Law § 487 authorizes an award of damages only to “the party injured,” an injury to the plaintiff resulting from the alleged deceitful conduct of the defendant attorney is an essential element of a cause of action based on a violation of that statute. Although the plaintiffs assert that the Omars had no assets other than whatever rights they possessed under the March 2001 agreement, and thus the transfer of those rights to Portabella rendered the Omars insolvent,, making it impossible for the plaintiffs to enforce their judgment against the Omars, the complaint contains no allegation supporting the proposition that such harm was attributable to the Russ attorneys’ failure to disclose the transfer of rights for a period of 18 months. Thus, the first cause of action failed to set forth allegations from which damages proximately caused by the attorney defendants’ alleged deceitful conduct might be reasonably inferred (cf. Rock City Sound, Inc. v Bashian & Farber, LLP, 74 AD3d 1168, 1171 [2010]).
In the second cause of action, the plaintiffs alleged that, as a result of the Russ attorneys’ nondisclosure, they were forced to expend more than $300,000 in legal fees to defend against the Omars’ action, while, unbeknownst to the plaintiffs, the Omars lacked standing in that action. Contrary to the plaintiffs’ contention, however, Sally Omar did not lack standing to continue as a plaintiff in that action, since she retained a 20% interest in any profits generated by the mortgaged property. In any event, Portabella had standing, and defending against Portabella would likely have required the same expenditure of attorney’s fees by the plaintiffs as defending against the Omars.
Accordingly, the Supreme Court properly determined that the first and second causes of action were subject to dismissal pursuant to CPLR 3211 (a) (7) for failure to state a cause of action (see Peters v Accurate Bldg. Inspectors Div. of Ubell Enters., Inc., 29 AD3d 972, 973 [2006]).
*969 The third cause of action alleged a violation of Judiciary Law § 488, which codifies the common-law prohibition on champerty (see Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp., 13 NY3d 190, 198-199 [2009]). The terms of the supplemental retainer agreement demonstrate that the Russ attorneys and Portabella did not engage in champerty since they did not accept the assignment of Sally Omar’s rights for the primary purpose of “bringing an action thereon” (Judiciary Law § 488; see Bluebird Partners v First Fid. Bank, 94 NY2d 726, 736 [2000]). Since the documentary evidence “conclusively establish[es]” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]) that the Russ attorneys acquired Sally Omar’s rights “in order to enforce [them],” and not “in order to make money from litigating [them]” (Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp., 13 NY3d at 200), the Supreme Court properly determined that the third cause of action was subject to dismissal pursuant to CPLR 3211 (a) (1).
The plaintiffs further contend that the assignment of Sally Omar’s rights to an entity controlled by Jay Edmond Russ violated rule 1.8 (i) of the New York Rules of Professional Conduct (22 NYCRR 1200.0) (formerly Code of Professional Responsibility DR 5-103 [a] [22 NYCRR 1200.22 (a)]), which prohibits a lawyer from “acquiring] a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client.” The plaintiffs, however, lack standing to assert such a violation as a ground for relief in their favor (see Wilson v LaFontant, 240 AD2d 172 [1997]).
In the eighth cause of action, the plaintiffs sought to preliminarily enjoin the defendants from enforcing the rights assigned to Portabella by Sally Omar. On the issue of irreparable harm, the complaint contains only a bare legal conclusion, which is not entitled to the presumption of truth normally afforded to the allegations of a complaint (see Symbol Tech., Inc. v Deloitte & Touche, LLP, 69 AD3d 191, 194 [2009]). Any harm to the plaintiffs resulting from an improper assignment of Sally Omar’s rights can be remedied by an award of money damages, and the complaint contains no meaningful allegations to the contrary (see EdCia Corp. v McCormack, 44 AD3d 991, 994 [2007]). Thus, the Supreme Court properly determined that the eighth cause of action was subject to dismissal pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.
The sixth cause of action sought recision of the assignment on the ground that Sally Omar’s interest in the mortgaged prop *970 erty could not be assigned to a third party. While options are, in general, “freely assignable,” this rule does not apply when a contract contains “express language to the contrary or terms which indicate that the seller is relying upon the credit of the optionee or other forms of personal performance” (Toroy Realty Corp. v Ronka Realty Corp., 113 AD2d 882, 883 [1985]). The March 2001 agreement contained a provision requiring the Rozens to give Sally Omar a purchase-money mortgage financing 95% of the repurchase price if she exercised her option. This arguably constituted a personal extension of credit to Sally Omar, indicating that the Rozens were relying upon her credit, which would render the option unassignable, and there is nothing in the agreement that conclusively proves the contrary. Thus, the documentary evidence submitted by the Russ attorneys and Portabella did not “conclusively establish[ ] a defense as a matter of law” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326), and the Supreme Court therefore erred in determining that the sixth cause of action was subject to dismissal pursuant to CPLR 3211 (a) (1).
The plaintiffs’ remaining contentions are without merit. Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur. [Prior Case History: 2009 NY Slip Op 30509(U).]