■ ALTRONIX CORPORATION, Appellant, v CENTRAL MACHINING SPECIALTIES, INC., Respondent. [923 NYS2d 183]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pines, J.), entered August 4, 2010, which denied its motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.

"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see Bridge Pub. Relations & Consulting, Inc. v Hylan Elec. Contr., Inc.*, 65 AD3d 603, 603-604 [2009]). "A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion" (*Greenfield v Philles Records*, 98 NY2d at 569 [internal quotation marks omitted]; *see Bridge Pub. Relations & Consulting, Inc. v Hylan Elec. Contr., Inc.*, 65 AD3d at 603-604). It is for the court to determine, as matter of law, whether reasonable people may reasonably differ about the meaning of the contract's language (*see Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 356 [1978]; *Bridge Pub. Relations & Consulting, Inc. v Hylan Elec. Contr., Inc.*, 65 AD3d at 604).

In this case, the plaintiff sought to purchase a custom-made "fuse and clip insertion" machine (hereinafter the machine) from the defendant, a manufacturing company that builds custom machinery. The machine was designed to produce printed circuit boards (hereinafter the boards) by inserting fuses and fuse clips into the boards. The parties entered into a written agreement for the purchase of the machine, which provided the following specification for the machine: "P[rinted] C[ircuit] B[oard] Component insertions cycle time: <80 seconds." The defendant built a machine with a cycle time of approximately 97 seconds.

Contrary to the defendant's contention, the agreement unambiguously required the machine to have a cycle time of less than 80 seconds. The plaintiff established its prima facie entitlement to judgment as a matter of law by showing that the defendant failed to deliver a machine with a cycle time of less than 80 seconds as required by the agreement (*see Bridge Pub. Relations & Consulting, Inc. v Hylan Elec. Contr., Inc.*, 65 AD3d at 604; *New York City Off-Track Betting Corp. v Safe Factory Outlet, Inc.*, 28 AD3d 175, 178 [2006]). In opposition, the defendant failed to raise a triable issue of fact.

Accordingly, the Supreme Court erred in denying the plaintiff's motion for summary judgment on the complaint. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.