Goldfarb v Romano (2018 NY Slip Op 02411)





Goldfarb v Romano


2018 NY Slip Op 02411


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


6195 159203/15

[*1]Jason Goldfarb, Plaintiff-Appellant-Respondent,
v
Joseph A. Romano, Esq., et al., Defendants-Respondents-Appellants.


The Law Offices of Joseph Vozza, Mamaroneck (Joseph Vozza of counsel), for appellant-respondent.
Moses & Singer LLP, New York (Shari Alexander of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered March 10, 2017, which granted defendants Joseph A. Romano, Esq., Joseph A. Romano, P.C., and Law Offices of Joseph A. Romano, P.C.'s motion to dismiss the causes of action for breach of express contract, breach of implied contract, and unjust enrichment as against them, and the cause of action for quantum meruit as against defendant Joseph A. Romano, Esq., and otherwise denied the motion as to the cause of action for quantum meruit, unanimously modified, on the law, to deny the motion as to the breach of express contract, breach of implied contract, and unjust enrichment causes of action as against defendants Joseph A. Romano, P.C., and Law Offices of Joseph A. Romano, P.C., and otherwise affirmed, without costs.
The statute of frauds (General Obligations Law § 5-701[a][1]) does not bar the alleged oral agreement between plaintiff and defendant law firm, pursuant to which the firm agreed to pay plaintiff 50% of the legal fees it earned on cases that he procured or originated and performed work on. In pertinent part, the statute renders void an agreement that "[b]y its terms is not to be performed within one year from the making thereof." The fact that plaintiff was an at-will employee, i.e., he could be terminated at any time (see Murphy v American Home Prods. Corp., 58 NY2d 293, 300-301 [1983]), made the oral agreement capable of completion within the one-year period
(see D & N Boening, Inc. v Kirsch Beverages, 63 NY2d 449, 456 [1984]; compare Kalfin v United States Olympic Commn., 209 AD2d 279, 280 [1st Dept 1994] [service contract that could not be terminated by defendant within one year absent breach by plaintiff was not terminable as of right and therefore ran afoul of statute of frauds]). The fact that legal fees earned during the one-year period would not be paid until after the period had ended did not make the agreement incapable of completion within the period (see Gold v Katz, 193 AD2d 566, 566 [1st Dept 1993] ["Contingencies on which the payment of an attorney's fee can depend, such as jury verdicts and settlement negotiations, did not create a power in a third person to terminate the alleged
. . . arrangement, such as would make it indefinite and incapable of performance within one year"]).
Plaintiff's allegations, supplemented by email and affidavits by other associates at the firm attesting to a course of dealing, state a cause of action against the law firm for breach of implied contract (see Sivin-Tobin Assoc., LLC v Akin Gump Strauss Hauer & Feld LLP, 68 AD3d 616, 617 [1st Dept 2009]; see Mirchel v RMJ Sec. Corp., 205 AD2d 388, 390 [1st Dept 1994]) and unjust enrichment (see Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408 [1st Dept 2011], affd 19 NY3d 511 [2012]). These causes of action are properly pleaded in the alternative (see generally Farash v Sykes Datatronics, 59 NY2d 500, 503-504 [1983]).
Plaintiff adequately pleaded a quantum meruit claim
(see Balestriere PLLC v BanxCorp., 96 AD3d 497, 498 [1st Dept 2012]).
The complaint fails to state a cause of action against defendant Joseph Romano individually, since it does not allege that Romano personally entered into any agreement with plaintiff, or was enriched by plaintiff's work separately from the law firm
(see Newman v Berkowitz, 50 AD3d 479 [1st Dept 2008]).
We have considered defendants' other arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK